RECEIVED
JUN 30 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| RONALD B. MCCLANAHAN | CIVIL ACTION NO. 06-227 |
| VERSUS | JUDGE HICKS |
| RICHARD G. STALDER, ET AL. | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION[1]

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil action filed by pro se petitioner Ronald B. McClanahan ("Petitioner"), pursuant to 42 U.S.C. §1983. This matter was filed in this Court on February 2, 2006. Petitioner names Richard L. Stalder, Sally McKissack, the Louisiana Department of Public Safety and Corrections and the Louisiana Parole Board as respondents.

Petitioner alleges that La. R.S. 15.571.5 is unconstitutional. He claims La R.S. 15:571.5 should not apply to him because once he was released from physical custody, his sentence was completed and to subject him to the conditions of parole supervision violates his right against double jeopardy.

As relief, Petitioner seeks a declaratory judgment, an injunction and any other relief to which he is entitled.

---

[1] This decision is not intended for commercial print or electronic publication.

## LAW AND ANALYSIS

In 1981, the Louisiana Legislature enacted Louisiana Revised Statute 15:571.5 which provides that a state prisoner released because of diminution of sentence (known as "good time") shall be treated as if on parole, and therefore subject to supervision for the remainder of the original full term of his sentence. The prisoner is also subject to reincarceration for the same term if he violates a condition imposed by the parole board. If a prisoner is reincarcerated, he forfeits any good time that he earned on his sentence and is ineligible to receive future good time credits.

Under Louisiana law, a person released on parole "shall remain in the legal custody of the Department of Public Safety and Corrections, office of corrections services, and shall be subject to the orders and supervision of the [Parole] Board." La. R.S. 15:574.7. Thus, parole supervision is a form of custody under Louisiana law. Because Petitioner seeks relief from such custody, he clearly seeks habeas corpus relief from the Court and this matter should be re-characterized as a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254.

Habeas Corpus relief is available to a person who is in custody in violation of the Constitution of laws or treaties of the United States. 28 U.S.C. § 2254. However, the right to pursue habeas corpus relief in federal court is not unqualified. A petitioner seeking habeas relief cannot collaterally attack his state court conviction in federal court until he has exhausted all available state remedies. Rose v. Lundy, 455 U.S. 509 (1982); Mills v.

Criminal District Court #3, 837 F.2d 677 (5th Cir. 1988).

This requirement is not a jurisdictional bar, but a procedural bar erected in the interest of comity providing state courts first opportunity to pass upon and correct alleged constitutional violations. Rose v. Lundy, supra; Picard v. Connor, 404 U.S. 270 (1971). Moreover, in the event that the habeas corpus petition reveals on its face that the petitioner has not complied with the exhaustion requirement, a United States district court is expressly authorized to dismiss the claim. Wilson v. Foti, 832 F.2d 891 (5th Cir. 1987). The face of Petitioner's application for a writ of habeas corpus reveals that he has not pursued his state court remedies with regard to this action. Because Petitioner has not exhausted his state court remedies, his petition should be dismissed.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

Under the provisions of 28 U.S.C. § 636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS ON**

APPEAL.

> **THUS DONE AND SIGNED** in chambers, in Shreveport, Louisiana, this the 30th day of June 2006.

---
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE